UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  09-20963-CIV-COOKE/BANDSTRA

MICHAEL RAMJEAWAN, *et al.*,

    *Plaintiffs*,

v.

BANK OF AMERICA CORPORATION,

    *Defendant*.

_____/

## ORDER ON MOTIONS IN LIMINE

This matter is before me on the parties' Joint Summary of Motions in Limine [D.E. 131]. Each motion is discussed below.

### *A. PLAINTIFFS' MOTIONS IN LIMINE*

**I.  Plaintiffs' Motion in Limine to Preclude Defendant's Expert from Discussing Contract Interpretation and Contractual Obligations**

Plaintiffs argue that Defendant's expert, Ms. Pamela Jarratt, should not be allowed to testify as to the legal interpretation of the Deposit Agreement between Plaintiffs and Defendant. I agree. At trial, the jury will be tasked with deciding whether or not Plaintiffs are bound by the Deposit Agreement. This, in turn, will require the jury to decipher the meaning of the Personal Signature Card which Plaintiffs signed. A qualified expert may testify in the form of an opinion only "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. Expert opinion testimony "regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible." *Sheet Metal Workers, Int'l Ass'n, Local Union No. 24 v. Architectural Metal*

*Works, Inc.*, 259 F.3d 418, 424 n. 4 (6th Cir. 2001); *see also Nova Cas. Co. v. Waserstein*, 04-20755-CIV, 2005 WL 5955694, at *1 (S.D. Fla. Sept. 7, 2005); *Amica Mut. Ins. Co. v. Morowitz*, 08-10085-CIV, 2009 WL 3179703, at *2 (S.D. Fla. Oct. 1, 2009). Therefore, Ms. Jarratt will be precluded from offering an interpretation of the Deposit Agreement. Ms. Jarratt will also be precluded from testifying as to the scope of Plaintiffs' duties under the Deposit Agreement.

Relying on *Red Carpet Corp. of Panama City Beach v. Calvert Fire Ins. Co.*, 393 So.2d 1160 (Fla. 1st DCA 1981) and *Aetna Ins. Co. v. Loxahatchee Marina, Inc.*, 236 So.2d 12 (Fla. 4th DCA 1970), Defendant argues that expert testimony may be admitted on the meaning of contracts. However, as the Eleventh Circuit has noted, *Red Carpet* and *Loxahatchee* are inconsistent with Florida Supreme Court cases holding that the trial court interprets a contract. *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 n. 9 (11th Cir. 1990) (citing *Jones v. Utica Mut. Ins. Co.*, 463 So.2d 1153, 1157 (Fla. 1985); *Smith v. State Farm Mut. Auto. Ins. Co.*, 231 So.2d 193, 194 (Fla. 1970)). Therefore, I am granting Plaintiffs' Motion in Limine to preclude Defendant's expert from discussing contract interpretation and contractual obligations.

**II.     Plaintiffs' Motion in Limine to Preclude Evidence or Testimony as to the Alleged Quality of Programs Offered at Other Banks in Comparison with those Offered by Defendant**

Plaintiffs argue that Defendant should be precluded from offering testimony or evidence regarding the quality of fraud detection programs offered at other banks. The quality of fraud detection programs offered at other banks is relevant to industry custom and, as a result, to Plaintiffs' negligence claim. Defendant's expert witness, Ms. Jarrat, may testify regarding banking industry standards for fraud detection as that will assist the jury in determining whether Defendant breached a duty owed to Plaintiffs. Fed. R. Evid. 702.

However, Defendant's employee, David Minsk, may not give lay opinion testimony regarding such standards. Lay opinion testimony is permitted only if it is "rationally based on the perception of the witness [and] helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701. Rule 701 incorporates the hearsay rules such that a lay opinion may not be based on out of court statements heard by the witness if offered for the truth of the matters asserted. *See Hall v. C.I.A.*, 538 F.Supp.2d 64, 69 (D. D.C. 2008) ("if a third party statement could be admitted merely because it was heard (and 'perceived') by the witness, the entirety of the hearsay jurisprudence would be nullified. It is clear that Rule 701 allows no such thing"). Mr. Minsk's opinion regarding industry standards is based on his discussions with peers, not his own "perception." Therefore, Mr. Minsk's lay opinion regarding fraud detection programs and procedures at other banks is inadmissible under Rule 701 to the extent that his testimony is not based on personal knowledge.

**III.    Plaintiffs' Motion in Limine to Preclude Evidence or Testimony as to the Existence or Lack of a Suspicious Activity Report or Fidelity Bond**

Plaintiffs argue that Defendant should be prohibited from introducing evidence at trial that it did not provide during discovery, namely suspicious activity reports ("SARs") or a fidelity bond.  Defendant agrees that neither party should be permitted to inquire as to the existence or non-existence of a SAR or fidelity bonds at trial. Accordingly, Plaintiffs' motion is granted.

**IV.    Plaintiffs' Motion in Limine to Preclude Defendant's Reference to the Economy, its Net Worth or Financial Condition, Ability to Pay a Judgment, and Whether or Not Bank of America Received Government Funding**

Both parties agree that no evidence should be admitted regarding the state of the economy, Defendant's net worth or financial condition, Defendant's receipt of government

funding, or Defendant's ability to pay a judgment. Indeed, evidence regarding these matters is irrelevant and not admissible. Fed. R. Evid. 401. Accordingly, I am granting Plaintiffs' Motion as to these matters.

V.   **Plaintiffs' Motion in Limine to Preclude Testimony from Lay Witnesses in the Form of Expert or Unfounded Opinions**

Pursuant to Federal Rule of Evidence 701, lay witness opinion testimony may not be based on "scientific, technical, or other specialized knowledge." Plaintiffs' motion generally asks this court to prevent Defendant from offering expert opinions or opinion testimony from witnesses who have not been designated as experts. Defendant responds that it only intends to offer testimony from its employees regarding banking practices of Bank of America and other banks. Defendant correctly asserts that Rule 701 permits lay witnesses to express opinions about a business based on the witnesses' own perceptions and knowledge and participation in the day-to-day. Because Plaintiffs' motion does not reference any specific testimony, I cannot rule on the propriety or impropriety of such testimony. Plaintiffs are free to raise objections to any testimony that violates Rule 701 at trial. In the interim, their motion is denied.

## B. DEFENDANT'S MOTIONS IN LIMINE

I.   **Motion in Limine to Exclude Evidence or Testimony that Defendant "Undertook a Duty" with Respect to the Plaintiffs' Bank Accounts**

Defendant claims that the "Undertaker's Doctrine" is expressly limited to cases involving physical harm. Defendant, however, does not cite a single case that supports its claim. In fact, the only case Defendant cites, *Union Park Memorial Chapel v. Hutt*, reiterates that the Florida Supreme Court has recognized that "in every situation where a man undertakes to act, ... he is under an implied legal obligation or duty to act with reasonable care, to the end that the person *or*

4

*property* of others may not be injured." 670 So. 2d 64, 67 (Fla. 1996) (citing *Banfield v. Addington*, 104 Fla. 661, 667 (1932) (emphasis added)). This doctrine has recently been applied to a debtor/creditor relationship, contrary to Defendant's claim that it is expressly limited to cases involving physical harm. *See, e.g. Assouman v. Bank of America Corp.*, No. 2:07-cv-151-FtM-29SPC, 2008 WL 2262031 (M.D. Fla. May 30, 2008) (denying the defendant's motion for summary judgment on the plaintiff's negligence claim where the defendant bank "may have undertaken a duty"). Defendant's motion in limine is denied.

    **II.**     **Motion in Limine to Exclude Evidence as to Defendant's Lack of Care**
    **III.**    **Motion in Limine to Exclude Evidence Regarding Plaintiffs' Claims for Treble Damages, Punitive Damages or Special Damages**

These motions both involve issues that were addressed in my Order on Defendant's Motion for Summary Judgment [D.E. 144]. Plaintiffs' account statements and Defendant's deposit agreement form the basis for these motions, where Defendant argues that Plaintiffs' receipt of these document precludes them from offering certain evidence. As I have previously ruled, however, there is no proof that Plaintiffs ever received these documents. Accordingly, for the reasons previously addressed in my summary judgement order, Defendant's motions in limine are denied.

### *C. CONCLUSION*

The parties' Joint Summary of Motions in Limine [D.E. 131] is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21ST day of April 2010.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge