**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 09-20963-CIV-COOKE/BANDSTRA

MICHAEL RAMJEAWAN and RITIE B. RAMJEAWAN,

        Plaintiffs,

vs.

BANK OF AMERICA CORPORATION,

        Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' *ORE TENUS* MOTION TO AMEND THE PLEADINGS AT TRIAL TO ASSERT A CLAIM FOR PUNITIVE DAMAGES

Defendant, BANK OF AMERICA, N.A. ("Bank of America"), by and through undersigned counsel, hereby files its response in opposition to the *Ore Tenus* Motion of Plaintiffs Micahael Ramjeawan and Ritie B. Ramjeawan (collectively "Ramjeawan" or "Plaintiffs"), to Amend its Second Amended Complaint [D.E. 160] at trial pursuant to Fed. R. Civ. P. 15(b) to assert a claim for punitive damages, and states as follows:

It is submitted that Plaintiffs are precluded from asserting an amendment at trial to its Second Amended Complaint [D.E. 110] for punitive damages in the following respects:

    A.    No "clear and convincing evidence" has been presented at trial to form a "reasonable basis for recovery of such damages" pursuant to Sections 768.72(1) and 768.72(2), Florida Statutes (2009), thus Plaintiffs have failed to conform the evidence at trial to substantiate any meritorious claim for punitive damages;

    B.    Plaintiffs have failed to supply proof of the additional factors set forth in 768.72(3), Florida Statutes (2009), specifically where in the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria of actively and knowingly participating in such conduct,

        knowingly condoning, ratifying, or consenting to such conduct, or that the conduct amounts to gross negligence;

C. Punitive Damages are Special Damages that Required to be Specifically Pled pursuant to Fed. R. Civ. P. 9(g);

D. Leave to amend the pleadings at this stage of the proceeding would cause undue prejudice to Bank America because it has not been afforded the opportunity to prepare its defense in advance of Plaintiffs' expert opinions elicited at trial regarding any alleged punitive conduct, thus the Eleventh circuit imparts discretion on the trial court to limit the issues by denying a request for leave to amend the pleadings at trial (*see Reese v. Herbert*, 527 F. 3d 1253, 1263 (11th Cir. 2008)); and

E. Plaintiffs have brazenly filed an untimely Amended Unilateral Pre-Trial Stipulation [D.E. 160] in contravention with S.D. Fla. Local Rule 16.1(f), thus the Court is well within its discretion to deny Plaintiffs' motion to amend the second amended complaint to assert a claim for punitive damages, as a penalty for failure to comply with the Local Rules of this Court as provided in S.D. Fla. Local Rule 16(m); and

F. The issue of gross negligence has not been tried by consent, as required by Fed. R. Civ. P. 15(b)(2), and because Plaintiffs have failed to plead allegations of conscious disregard or indifference as required by Section 768.72(b), Florida Statutes (2009), Plaintiffs have not set forth the issues to be tried in its operative pleading.

As a matter of law and for the reasons set forth herein, Plaintiffs' *Ore Tenus* Motion to Conform the Pleadings to include a Claim for Punitive Damages must be denied.

### A. Plaintiffs Have Failed to Present Competent Factual Evidence at Trial to Form a Meritorious Basis for Recovery of Punitive Damages

Plaintiffs have failed to meet the burden of presenting "clear and convincing evidence" to form a "reasonable basis for recovery of [punitive] damages" pursuant to Sections 768.72(1) and 768.72(2), Florida Statutes (2009). The clear and convincing evidence standard is an intermediate standard, between the preponderance of the evidence standard and the criminal

beyond a reasonable doubt standard. *Small Business Admin. v. Echevarria* 864 F.Supp. 1254, 1265 (S.D. Fla. 1994). Sections 768.72(2)-(3), Florida Statutes (2009) contain heightened enumerated requirements requiring a party to show clearly and convincingly that it is entitled to the extraordinary remedy of exemplary damages. *See* Fla. Stat. §§ 768.72(2)-(3). The substantive law of Section 768.72, Florida Statutes (2009) must be kept intact where those requirements do not conflict federal procedure law, thus the Court is bound to apply both state substantive law and federal procedural law concomitantly. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (when a federal court exercises its diversity jurisdiction, the court is bound to apply state substantive law and federal procedural law); *see also Hanna v. Plumer*, 380 U.S. 460, 471 (1965).

To the extent Section 768.72, Florida Statutes conflicts with Federal procedural requirements set forth in Fed. R. Civ. P. 8(a)(3), the Eleventh Circuit has held Federal procedural law preempts Section 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages. *Porter v. Ogden, Newell & Welch,* 241 F. 3d 1334, 1340 (11th Cir. 2001); *see also Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir.1999), *vacated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Ward v. Estaleiro Itajai S/A*, 541 F.Supp.2d 1344 (S.D. Fla. 2008). However, the Eleventh Circuit has not conclusively abrogated the substantive prongs of Section 768.72, Florida Statutes, and therefore this Court is within its discretion to yield to the legislative conditions that a party show clearly and convincingly that it is has proffered sufficient proof to establish a claim for punitive damages. *Porter*, *supra*, 241 F. 3d at 1340-41.

Moreover, Plaintiffs have set forth no claim for punitive damages with any plausibility to plead factual content that allows the court to draw reasonable inference that the defendant is liable for the alleged punitive conduct. *See Bell Atlantic Corp. v. Twombly*, 1550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). The standard in *Twombly* dictates that Courts are to reconceptualize the standard of proof as one that, while not utterly impossible, are "implausible," by screening out claims that are subject to an obvious alternative explanation or cannot conceivably support consistency with the defendant's liability. *Twombly*, *supra*, 1550 U.S. at 1949-1950. Well-pled allegations are those that nudge the claim "across the line from conceivable to plausible." *Iqbal*, *supra*, 129 S.Ct. at 1949. This is "a context-specific [inquiry]

that requires [courts] to draw on [their] judicial experience and common sense." *Id.* As a result, there is no specific request for punitive damages or conduct which could amount to the gross negligence allegations necessary to support punitive damages. The Eleventh Circuit has stated that jury instructions on punitive damages will be given only if a complaint alleges conduct that would support a claim for punitive damages **and *if evidence is presented which creates a jury question on such relief***. *See Scutieri v. Paige*, 808 F.2d 785, 792 (11th Cir. 1987) (emphasis added).

In the instant case, Plaintiffs' expert witness, Steven Butler, has testified that Bank of America's breach of its internal banking policies was reckless. However, Mr. Butler's testimony is proffered in the form of unsubstantiated and uncorroborated opinion testimony that is pure conjecture without factual merit. Bank of America can only glean from this form of speculative opinion that a violation of an internal banking policy falls well short of the "clear and convincing" factual evidence standard to serve the basis for an independent cause of action in tort, much less a claim for punitive damages. Violations of internal company policies do not create independent causes of action, but are merely evidence of a standard where an existing cause of action exists. *Boutilier ex rel. Boutilier v. Chrysler Ins. Co.* 2001 WL 220159 *1 (M.D.Fla. 2001)(holding that defendant's internal policy does not establish a duty nor does failure to follow its own internal policy, state a cause of action for negligence). Internal corporate policy does not create a legal duty or cause a breach of that duty. *See e.g. Mayo v. Publix Supermarkets,* 686 So.2d 801, 802 (Fla. 4th DCA 1997) (a company's internal safety policies may be evidence of a standard of care, but they do not independently establish a standard of care for negligence); *see also Metropolitan Dade County v. Zapata,* 601 So.2d 239, 244 (Fla. 3rd DCA 1992) ("an internal rule does not ... fix the standard of care.") As a matter of law, Plaintiffs have failed to set forth any substantive factual proof of wanton, willful, or malicious conduct to meet their burden under the clear and convincing evidence standard.

**B. Plaintiffs Have Failed to Establish Any Competent Record Proof to Warrant Their Entitlement to Assert Punitive Damages Pursuant to Fla. Stat. §§ 768.72(2)-(3)**

Plaintiffs fail to establish a showing of competent record proof that any corporate officer of Bank of America engaged in intentional misconduct by condoning, ratifying or consenting to any conduct that was so reckless or wanting in care that it constituted a conscious disregard or

indifference to the life, safety, or rights of Plaintiffs. Under Florida law, punitive damages may be imposed upon an employer or corporation for wrongful or intentional misconduct only if (1) the employer actively and knowingly participated in such conduct, (2) the officers, directors, or managers of the employer, principal, or corporation knowingly condoned, ratified, or consented to such conduct; or (3) the employer, principal, or corporation itself engaged in gross negligence that contributed to the loss, damages, or injury of Plaintiffs. Fla. Stat. §§ 768.72(2)-(3) (2009).[1] The trier of fact must be in a position to find based on a showing of clear and convincing evidence, that the defendant was personally guilty of intentional misconduct or gross negligence. Fla. Stat. 768.72(2). "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue." *Std. Jury Instructions—Civ. Cases*, 795 So. 2d 51, 56 (Fla. 2001).

In the instant case, the presentation of Plaintiffs' case in chief has concluded, and not a single shred of evidence has been established by any reasonable showing of proof, including deposition testimony, written discovery, affidavit, or trial testimony, that Bank of America ratified, consented, or condoned any alleged employee misconduct. Nor have Plaintiffs shown Bank of America's directors and officers engaged in any gross negligence or were in some manner complicit with that employee's alleged acts. Plaintiffs have brought forth nothing to establish Bank of America, in its capacity as an employer, operated with any malice or intent to harm Plaintiffs. Curiously, Plaintiffs make conclusory, and in some cases contradictory statements, that are incoherent and factually unsupported. Plaintiffs seem to intimate that somehow in the process of moving funds from a Certificate of Deposit Account to the Ramjeawan's money market savings account, the drawing of checks against the money market savings account at issue, and the Ramjeawan's failure to receive their bank statements, such misconduct relates back to misconduct of unknown bank employee(s). This speculative evidence presented does not, and cannot, form the basis of exemplary damages for the tort of

---

[1] The Florida Legislature defines "intentional misconduct" to mean that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. *See* Fla. Stat. 768.72(2)(a) (2009). Moreover, "gross negligence" is defined as conduct of the defendant being so reckless or wanting in care which constitutes a conscious disregard or indifference to the life, safety or rights of persons exposed to such conduct. *See* Fla. Stat. 768.72(b) (2009).

gross negligence because Plaintiffs have failed to meet the enumerated factors prescribed in Section 768.72, Florida Statutes (2009). Therefore, the Court must deny Plaintiffs' motion to assert a claim for punitive damages because there has been no practical showing of any reasonable proof to establish a claim for punitive damages.

### C. The S.D. Fla. Has Concluded Punitive Damages Are Special Damages Which Must be Specifically Pled as contemplated under Fed. R. Civ. P. 9(g)

Precedent within the Southern District of Florida has recognized that punitive damages are to be considered "special damages" as contemplated within the pleadings requirements promulgated under Rule 9(g), Federal Rules of Civil Procedure. *Tutor Time Child Care Sys., Inc. v. Franks Inv. Group, Inc.* 966 F. Supp. 1188, 1192 (S.D. Fla. 1997).[2] Rule 9(g) requires that "if an item of special damages is claimed, it must be specifically pled." Fed. R. Civ. P. 9(g). The Court in *Tutor* noted although the Eleventh Circuit has not expressly decided this issue, and while that the federal courts are divided on the question whether punitive damages are special damages within the meaning of Rule 9(g), it recognized that the Eleventh Circuit would likely follow the majority position that punitive damages must be specifically pled, as is the requirement in the Southern District. *See Tutor*, *supra*, 966 F. Supp. at 1192. The Court reasoned that special damages are those which are the actual, but not necessary result of the injury complained of, and that all non-obvious damages should be pled in the Complaint. *See id.*, citing *PdP Parfums de Paris v. Int'l Designer Fragrances, Inc.*, 901 F. Supp. 581, 585 (E.D.N.Y. 1995) ("Special damages are those that are not the necessary result of the complained of act"). Accordingly, the Court in *Tutor* held that punitive damages are considered special damages and must be specifically pled.

In the instant case, the 'Wherefore' clause of Plaintiffs Second Amended Complaint fails to include a specific prayer for relief for punitive damages. Thus Plaintiffs have not properly preserved entitlement to request such an award, where an amendment would particularly cause

---

[2] The Court in *Tutor* noted that the federal courts have divided on the question whether punitive damages are special damages within the meaning of Rule 9(g), but recognized that the Eleventh Circuit would follow the majority position that punitive damages must be specifically pled in the Southern District. *See Tutor*, *supra*, 966 F. Supp. At 1192. The Court reasoned that special damages are those which are the actual, but not necessary result of the injury complained of, and that all non-obvious damages should be pled in the Complaint. *See id.*, citing *PdP Parfums de Paris v. Int'l Designer Fragrances, Inc.*, 901 F. Supp. 581, 585 (E.D.N.Y. 1995) ("Special damages are those that are not the necessary result of the complained of act

undue prejudice resulting from an amendment well beyond the time limits set forth in this Court's Pretrial Scheduling Order [D.E. 17].  Pleadings put the parties on notice of the issues to be tried.  *Delta Health Group Inc. v. Royal Surplus Lines Ins. Co.*, 327 F. App'x 860, 867 (11th Cir. 2009*)*; *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F. 2d 992, 1012 (11th Cir. 1982). Permitting Plaintiffs to amend their pleadings at this stage to conform to the evidence would effectively blindside Defendant by precluding the bank from offering competing expert opinion to controvert Steven Butler, whose unsubstantiated opinion testimony has already confused the central issues of this case in the presence of the jury.  Speculative theories may properly be excluded on the grounds of irrelevancy and immateriality, prejudicial effect, and likelihood to confuse the jury. *Hull v. Merck & Co., Inc.*, 758 F. 2d 1474 (11th Cir. 1984).

### D. Granting Plaintiffs Leave to Amend their Pleadings to Assert Punitive Damages Will Cause Severe Undue Prejudice to Defendant

District Courts are empowered in the exercise of its authority to manage the conduct of litigation before it to deny a request to amend the pleadings where there are substantial grounds for doing so, including undue prejudice to the opposing party by virtue of allowance of the amendment.  *Reese*, 527 F. 3d at 1233; *see also Foman v. Davis*, 371 U.S. 178 (1962).  Leave to amend is not an automatic right, particularly where the amendment may cause prejudice to the opposing party.  *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir.1982).  The district judge must balance a variety of factors, including any possible prejudice to either party, before exercising his discretion to grant or deny the motion. *Id.*  In this instance, the Court must unwaveringly conclude that the great weight of evidence presented at trial cannot substantiate or corroborate any viable claim to assert punitive damages, as the jury has been presented with no factual basis, but rather the self-serving conjecture and opinion of Steven Butler.

Plaintiffs expert witness, Steven Butler, expressed his uncorroborated opinion that Bank of America acted recklessly, yet this professed opinion was not disclosed in Plaintiffs' expert witness report.  The disclosure of the substance of expert opinion in advance of trial is required pursuant to Fed. R. Civ. P. 26(a)(2)(B)(i).  The expert report must contain a complete statement of all opinions the witness will express at trial and the basis and reasons for them, and the disclosures must be made at least ninety (90) days before trial.  *See* Fed. R. Civ. P.

26(a)(2)(B)(i); s*ee also* Fed. R. Civ. P. 26(a)(2)(C)(i).  The period for expert witness disclosure expired September 14, 2009 and the Expert discovery cutoff date expired October 23, 2009 [D.E. 17 at ¶ 3], granting the instant Motion will cause undue prejudice to the defendants because Bank of America has not been provided the opportunity to obtain discovery on Butler's opinion by way of discovery.  *See Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions.").

Bank of America is effectively precluded from obtaining a countervailing opinion by way of its own expert witness to controvert the self-serving opinions of Plaintiffs' expert.  The impact of an expert expressing an uncorroborated opinion without factual basis is unduly prejudicial, particularly where Bank of America has been afforded no opportunity to rebut this testimony, plead a defense, or properly prepare for cross-examination.  Reese, 2006 WL 1892026, at *7. See also Lowe's Home Ctrs., Inc., 313 F.3d at 1315 ("It is not an abuse of discretion for a district court to deny a motion for leave to amend a complaint when such motion is designed to avoid an impending adverse summary judgment.").  Irreparable harm would result from any amendment to the pleadings at the present time because Bank of America has not been afforded the opportunity to prepare its defense in advance of Plaintiffs' expert opinion elicited at trial regarding any alleged punitive conduct, thus the Eleventh circuit imparts discretion on the trial court to limit the issues by denying leave to amend the pleadings at trial. *See*, *supra*, *Reese,* 527 F. 3d at  1263.

### E. Pursuant to S.D. Fla. Local Rule 16(m), Plaintiffs' Untimely Unilateral Pretrial Stipulation Provides the Basis for the Court to Deny Granting Plaintiffs' Leave to Assert Punitive Damages

Plaintiffs have brazenly filed an untimely Amended Unilateral Pre-Trial Stipulation [D.E. 160] in contravention with S.D. Fla. Local Rule 16.1(f), thus the Court is well within its discretion to deny Plaintiffs' motion to amend the Second Amended Complaint [D.E. 15] to assert a claim for punitive damages, as a penalty for failure to comply with the Local Rules of this Court as provided in S.D. Fla. Local Rule 16(m).  At the outset, the Court entered its Pretrial Scheduling Order, which specifically prohibited any party from filing a unilateral pretrial

stipulation: "The Court will not accept unilateral pretrial stipulations, and will strike sua sponte any such submissions." [D.E. 17 at ¶ 3]. Not only did the Plaintiffs disregard an Order of this Court, but it has now relegated itself to interfering with this Court's ability to impartially adjudicate this matter because Plaintiffs improperly filed a unilateral pretrial stipulation beyond the seven (7) days time period required before calendar call. *See* S.D. Fla. Local Rule 16.1(f). The Court must exercise its discretion when it is fully informed of utter disregard of the Rules of Procedure and this Court's orders, to impose sanctions permitted under Local Rule 16(m) to deny leave to amend pleadings to assert punitive damages, due to such willful and deliberate contumacious disregard of the Court's authority.

**F. The issue of gross negligence has not been tried by consent, as required by Fed. R. Civ. P. 15(b)(2), and because Plaintiffs have failed to plead allegations of conscious disregard or indifference as required by Section 768.72(b), Florida Statutes (2009), Plaintiffs have not set forth the issues to be tried in its operative pleading.**

Plaintiffs have not cited any instance on the record where Bank of America has expressly or impliedly consented to the issue of punitive damages to be tried. Fed. R. Civ. P. 15(b)(2) provides that when an issue not raised by the pleadings is tried by the parties express or implied consent, it must be treated in all respects as if raised in the pleadings. Plaintiffs Second Amended Complaint does not meet the heightened standard required to assert a claim for punitive damages. Plaintiff must allege that conduct of the defendant that being so reckless or wanting in care which constitutes a conscious disregard or indifference to the life, safety or rights of persons exposed to such conduct. *See* Fla. Stat. 768.72(b) (2009). The lack of opportunity of Bank of America to retain an expert on punitive damages, and the inability to prove evidence to controvert the absence of condoning, ratifying, or consenting to purported reckless conduct has materially prejudiced Bank of America.

**G. Conclusion**

Based upon the forgoing arguments and legal authority, Plaintiffs have misapplied and misapprehended the law governing amendments to the pleadings at trial under Fed. R. Civ. P. 15(b)(1) to assert a claim for punitive damages, and accordingly, this Court must deny Plaintiffs'

*Ore Tenus* Motion to Amend Its Complaint at Trial to Assert Punitive Damages as a matter of law.

DATED this 10th day of May, 2010.

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Attorneys for Bank of America, N.A.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400

By: /s/ Marc T. Parrino*
   J. RANDOLPH LIEBLER
   Florida Bar No. 507954
   Email: jrl@lgplaw.com
   MARC T. PARRINO
   Florida Bar No. 0018197
   Email: mtp@lgplaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **10th** day of May 2010, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

 s/ Marc T. Parrino
 J. RANDOLPH LIEBLER

Service List

Sean M. Cleary, Esquire
*Attorneys for Plaintiffs*
Law Offices of Sean M. Cleary, P.A.
19 West Flagler Street, Suite 618
Miami, Florida 33130