UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20963-CIV-COOKE/BANDSTRA

MICHAEL RAMJEAWAN, *et al.*,

    *Plaintiffs*,

v.

BANK OF AMERICA CORPORATION,

    *Defendant*.

_____/

**ORDER ON PLAINTIFFS' *ORE TENUS* MOTION TO AMEND THE PLEADINGS AT TRIAL TO ASSERT A CLAIM FOR PUNITIVE DAMAGES**

This matter is before me on Plaintiffs' Response to Bank of America's Oral Motion Regarding Plaintiffs' Prayer for Punitive Damages, [D.E.188], and Defendant's Response in Opposition to Plaintiffs' *Ore Tenus* Motion to Amend the Pleadings at Trial to Assert a Claim For Punitive Damages" [D.E. 189].

## I.  BACKGROUND

On May 20, 2009, with leave of this Court, [D.E. 14], Plaintiffs filed their Second Amended Complaint, which is now the operative complaint in this case [D.E. 15]. Plaintiffs assert three counts: one count of negligence and two counts of civil theft. On June 2, 2009, this Court issued a Scheduling Order setting the deadline to amend the pleadings for June 12, 2009. [D.E. 17].

On September 2, 2009, that is about two and a half months after the deadline to amend pleadings had elapsed, Plaintiffs moved for a leave to file their Third Amended Complaint and to

1

include counts of gross negligence and punitive damages asserting that the evidence in the record supported such a claim. [D.E. 55]. Defendant opposed the motion for leave, [D.E. 58], and Plaintiffs replied on September 18, 2009 [D.E. 67]. On February 10, 2010, this Court denied Plaintiffs' Motion for Leave to File their Third Amended Complaint. [D.E. 146]. On Friday May 7, 2010, during trial, Plaintiffs requested a leave to amend their Second Amended Complaint, pursuant to Fed. R. Civ. P. 15(b).

## II. LEGAL STANDARD

### A. Pleading Requirements For Punitive Damages

Under Rule 8(a)(3), "any pleading that sets forth a claim must include a concise statement identifying the remedies and the parties against whom relief is sought." *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298 (11th Cir. 1999), *vacated on other grounds*, 204 F.3d 1069, 1072 (11th Cir. 2000). "Punitive damages are a remedy, so under the rule a request for them should be included in the complaint."[1]

Pursuant to Fla. Stat. 768.72, pleading requirements for punitive damages under Florida Law are the following:

> (1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.

However, the Eleventh Circuit has determined that the pleading requirements for punitive

---

[1] As punitive damages should be included in the Complaint pursuant to Rule 8(a)(3), there is no need to address whether punitive damages are a "special damages" that must be specifically stated pursuant to Federal Rule of Civil Procedure 9(g).

damages pursuant to Florida Statute § 768.72 conflict with Rule 8(a)(3), therefore they are not applicable to Florida state law claims litigated in diversity cases. Cohen, 184 F.3d at 1298; *Porter v. Ogden*, *Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001).

### B. Amendment of Pleadings

Federal Rule of Civil Procedure 15 allows a party to amend its pleadings under certain conditions or circumstances. The language of Rule 15 is the following:

> **(b) Amendments During and After Trial.**
> **(1) Based on an Objection at Trial.** If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

### III. ANALYSIS

### A. Pleadings Requirement For Punitive Damages

The Eleventh Circuit has clearly stated that request for punitive damages should be included in the complaint. *Cohen*, 184 F.3d at 1298, *vacated on other grounds*, 204 F.3d at 1072.

Plaintiffs' Complaint does not include punitive damages. (Am. Compl. 1-12). Nonetheless, Plaintiffs rely on this Court' prior Order, [D.E. 15], to argue that this Court has "decided that punitive damages are part of the case." (Pls' Resp. to Def.'s Oral Motion Regarding Pls.' Prayer for Punitive Damages 5); [D.E. 188]. This interpretation of the Order, however, is misguided. The Court did not "decide" that punitive damages are part of the Complaint, but rather stated that Plaintiffs have an argument that punitive damages may be included. Plaintiffs, when filing their Motion for Leave to File their Third Amended Complaint,

3

[D.E. 146] argued to the Court using an improper standard for the pleading of punitive damages.[2] (Mot. for Leave to File a Third Amended Compl. 9-10). Upon further review, punitive damages must be included in the complaint, as mentioned above.

Further, Plaintiffs' reliance on the *Scutieri v. Paige* case to request that the issue of punitive damages be submitted to the jury is inapposite. *Scutieri v. Paige*, 808 F.2d 785, 791 (11th Cir. 1987). In the *Scutieri* case, the Eleventh Circuit found that the district court abused its discretion in denying plaintiffs the right to claim punitive damages because plaintiffs, who failed to include punitive damages in their prayer for relief, alleged in their pleadings that the defendants "acted intentionally and maliciously, wantonly, willfully, in bad faith, with gross and reckless disregard for the rights and interest of the Plaintiffs, without Plaintiffs' consent or approval and without any good faith reliance on a court order or legislative authorization for his acts specifically " and that defendants conduct "was so flagrant and wanton as to justify an award of punitive damages so as to discourage others in the community from engaging in similar acts and conduct." *Id.* There is no allegation of that nature in Plaintiffs' Complaint.

Finally, Plaintiffs cannot invoke Federal Rule of Civil Procedure 54(c). Pursuant to that rule, "final judgments [other than default judgment] should grant the relief to which each party is entitled, even if the party has not demanded such relief in the party's pleadings." Rule 54(c), however, "creates no entitlement to relief based on issues not squarely presented and litigated at trial." *Cioffe v. Morris*, 676 F.2d 539, 541-42 (11th Cir. 1982). The Eleventh Circuit further held that, "when relief is to be based on an issue not raised in the pleadings, Rule 15(b), Federal

---

[2] Plaintiffs presented inapplicable authority for the proposition that, in a diversity case, this Court should apply the pleading requirements set forth in Fla. Stat. 768.72. This is incorrect. *Cohen*, 184 F.3d at 1298.

Rules of Civil Procedure, must be considered." *Id.* "That rule provides that unpled issues which are tried with either the express or implied consent of the parties are to be treated as if they were raised in the pleadings." *Id.* "Thus, a judgment may be based on an unpled issue as long as consent to trial of the issue is evident." *Id.* " The corollary is, of course, that a judgment may not be based on issues not presented in the pleadings and not tried with the express or implied consent of the parties." *Id.* Defendant has never consented to the introduction of punitive damages at trial, expressly or impliedly. Therefore Rule 54(c) is of no help for Plaintiffs' prayer for punitive damages here.

Based on the foregoing, Plaintiffs' prayer for punitive damages will only be part of the case if Plaintiffs' pleading are amended.

**B. Amendment of Pleadings**

Rule 15(b)(1) states that a court should freely permit an amendment of a pleading, when, at trial, a party objects that evidence is not within the issues raised in the pleadings. Fed. R. Civ. P. 15(b)(1). "Rule 15(b) [is] designed to avoid the tyranny of formalism." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1491 (2d ed. 1990).

Under Florida law, an award of punitive damages is proper when a defendant's conduct "is characterized by 'willfulness, wantonness, maliciousness, gross negligence or recklessness, oppression, outrageous conduct, deliberate violence, moral turpitude, insult, or fraud.' " *Palm Beach Atl. Coll., Inc. v. First United Fund, Ltd.*, 928 F.2d 1538, 1546 (11th Cir.1991) (citing *Cook v. Deltona Corp.*, 753 F.2d 1552, 1563 (11th Cir.1985)) (emphasis added). There was ample testimony at trial supporting a claim that Defendant's conduct was grossly negligent or

5

reckless. Specifically, Plaintiffs' expert, Steven Butler, has testified that Bank of America's conduct was reckless. I find that Plaintiffs have provided a reasonable basis for recovery of punitive damages.

However, before a court grant such a leave, it must ascertain that the evidence would not prejudice the objecting party's action or defense on the merits. Fed. R. Civ. P. 15(b)(1). "There can be no question that a defendant should be protected from surprise resulting from a change of theory." *Robbins v. Jordan*, 181 F.2d 793, 795 (D.C. Cir. 1950). "Prejudice under the rule means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Comm'rs. of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969).

Defendant argues that granting Plaintiffs' leave to amend their pleadings at this stage "would cause [Defendant] undue prejudice because it has not been afforded the opportunity to prepare its defense in advance of Plaintiffs' expert opinions elicited at trial regarding any alleged punitive conduct." (Resp. in Opp'n. to Pls.' *Ore Tenus* Mot. to Amend the Pleadings at Trial 2); [D.E. 189]. Since September 2, 2009, before the deadline for fact and expert discovery had elapsed, Defendant had actual notice that Plaintiffs wanted to litigate the issue of punitive damages. Additionally, Defendant's objections to Plaintiffs' Motion for a leave to amend their pleadings can be cured by the granting of a continuance.

## VI. CONCLUSION

Accordingly, Plaintiffs' *Ore Tenus* Motion to Amend the Pleadings at Trial to Assert a Claim For Punitive Damages [D.E. 188] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of May 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

All counsel of record