UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20963-CIV-COOKE/BANDSTRA

MICHAEL RAMJEAWAN, *et al.*,

    Plaintiffs

vs.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

## ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW

THIS MATTER is before me upon Defendant Bank of America, N.A.'s ("Bank of America") Motion for Judgment as a Matter of Law. (ECF No. 212). For the reasons explained below, Bank of America's Motion for Judgment as a Matter of Law is denied.

## BACKGROUND

On April 13, 2009, Plaintiffs Michael Ramjeawan and Rittie B. Ramjeawan sued Bank of America for negligence (Count I) and civil theft (Counts II and III). During the trial, Plaintiffs made an *ore tenus* motion to amend the pleadings to conform to the evidence presented at trial, and were permitted to add a claim for gross negligence and punitive damages. On May 13, 2010, a jury found for Plaintiffs on the negligence counts and awarded compensatory damages in the amount of $504,684.02 and punitive damages in the amount of $150,000.00. The jury, however, did not find that Bank of America committed civil theft and reduced the award by 25% for Plaintiffs' comparative negligence. On June 14, 2010, Bank of America filed a Renewed Motion for Judgment as a Matter of Law, alleging that Plaintiffs failed to present sufficient evidence to support the award of punitive damages. (ECF No. 212).

## DISCUSSION

"[A] party is entitled to judgment as a matter of law 'if during a trial by jury the opposing party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the opposing party on that issue.'" *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir. 2003) (quoting *Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir. 1999)). Bank of America claims Plaintiffs did not present evidence sufficient to form a reasonable basis for recovery of punitive damages.

> Claims for punitive damages are governed by Florida Statute § 768.72, which provides:
>
> (1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
>
> (2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:
>
> (a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
>
> (b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
>
> (3) In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and:
>
> (a) The employer, principal, corporation, or other legal entity actively and

knowingly participated in such conduct;

(b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or

(c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

(4) The provisions of this section shall be applied to all causes of action arising after the effective date of this act.

Taken as a whole, the record clearly supports the jury's finding that Bank of America "engaged in conduct that was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Plaintiffs and substantially caused the loss, damages or injury suffered by the Plaintiffs." (*Jury Verdict*, ECF No. 200). Although Bank of America contends that violations of internal corporate policies cannot give rise to a finding of gross negligence, the independent actions of Bank of America and its employees provide ample basis for the jury's verdict. In their response, Plaintiffs cite a litany of such actions including, but not limited to, Bank of America giving Plaintiffs fake investigation claim numbers, Bank of America's failure to discover inconsistencies between forged and authentic checks and signatures, and Bank of America's withdrawal of $80,000 from Plaintiffs' account after Bank of America set up a fraud alert. (*See* ECF No. 222).

Alternatively, Bank of America argues that Plaintiffs are not entitled to punitive damages because punitive damages are generally not recoverable for breach of contract. *See Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1242 (11th Cir. 2007). However, where a defendant's actions amount to an independent tort due to "an intentional wrong, willful or wanton misconduct, or culpable negligence," an award of punitive damages is proper. *Id.* (citing *S. Bell. Tel. & Tel. Co. v. Hanft*, 436 So.2d 40, 42 (Fla. 1983).

3

Notwithstanding Bank of America's blanket statement that the relationship between the parties is contractual in nature, Plaintiffs did not allege breach of contract in their complaint and the jury did not use an alleged breach of contract as the basis for the its award of punitive damages. Rather, the jury's award was based on Bank of America's independent tort of gross negligence, thereby making the award of punitive damages proper.

## CONCLUSION

For the reasons explained in this order, I hereby **ORDER and ADJUDGE** that Bank of America's Motion for Judgment as a Matter of Law (ECF No. 212) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 25th day of February 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge